**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**OSI Education Services, Inc.,**                              **Civil No. 07-3508 (DWF / SRN)**

      **Plaintiff,**

  **v.**                                                                                  **REPORT & RECOMMENDATION**

**Ikechi Kallys Albert,**

      **Defendant,**

  **v.**

**OSI Education Services, Inc.;**
**Great Lakes Higher Ed. Guaranty Corp.;**
**Erstad & Riemer, P.A.; Kevin Burke;**
**State of Minnesota; Hennepin County**
**District Court, Fourth Judicial [Sic],**

      **Third-Party Defendants.**

---

    No appearance for Plaintiff.

    Ikechi Kallys Albert, P.O. Box 583352, Minneapolis, MN 55458, *pro se*.

    No appearance for Third-Party Defendants.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

    This matter comes before the undersigned United States Magistrate Judge following this Court's Order directing Defendant Ikechi Kallys Albert to "submit copies of <u>all</u> of the pleadings and orders that have been entered in this action to date" in order to permit this Court to evaluate and determine its jurisdiction under 28 U.S.C. § 1446 (Doc. No. 2 (emphasis in original)). For the reasons stated below, the Court recommends that the action be remanded to state court for lack of federal jurisdiction and that Defendant's IFP application (Doc. No. 1) be denied as moot.

I.      **FACTUAL AND PROCEDURAL HISTORY**

In November 2003, Defendant Ikechi Kallys Albert filed suit in federal court against Plaintiff OSI Education Services, Inc. (among others), apparently alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., regarding the collection of his student loans. (No. 03-CV-6122.) Albert settled his claim against OSI in August 2004 and agreed to make monthly payments on his outstanding balance. (Doc. No. 3, at App. 16.) Accordingly, the district court ordered the action dismissed with prejudice, noting that "the Court retains jurisdiction for thirty (30) days to permit any party . . . to seek enforcement of the settlement terms." (No. 03-CV-6122, Doc. No. 31.)

In 2006, OSI claimed that Albert "defaulted on his payments under the terms of the settlement and is in breach of the settlement agreement." (Doc. No. 3, at App. 16.) OSI then filed suit in state court to recover the outstanding balance of about $4,000.00. The state court entered a judgment in March 2007, but it was vacated on April 26, 2007. (See id. at App. 9.) On July 31, 2007, the state court ordered the entry of a second judgment, and that judgment appears to have been entered on August 1, 2007. (Id. at App. 1, 8.)

In the interim, however, on July 23, 2007, Albert filed a purported notice of removal to federal court. (Doc. No. 1.) But contrary to the requirement of Section 1446(a), he did not include a copy of the Complaint filed in state court (much less "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action") but rather only a copy of what appears to be a pleading stating counter-claims against OSI as well as claims against new third-party defendants.[1]

---

[1] Defendant's pleading lists as "Third-Party-Counterclaim-Defendants" (1) OSI, (2) Great Lakes Higher Education Guaranty Corp., Inc., (3) the law firm of Erstad & Riemer, P.A., (4) Judge Kevin Burke of the Minnesota state district court, (5) the State of Minnesota, and (6)

On August 6, 2007, this Court found that "his notice of removal is deficient" because it was "accompanied by only a single anomalous document entitled 'Defendant-Counter-Claim-Plaintiff' Due Process - Constitutional Denials And Deprivations Complaint Against All Third-Party Counter-Claim-Defendants'" and thus failed to satisfy Section 1446(a). (Doc. No. 2.) Accordingly, the Court ordered that Defendant must satisfy the requirements of Section 1446(a) within 20 days of the date of that Order. The Court expressly ordered that "[i]f he fails to do so in a timely manner, the Court will recommend . . . that this case be summarily remanded to the state court." (Doc. No. 2.)

On August 15, 2007, Defendant filed a "Notice of Motion and Motion To Remove Case To The United States District Court" that included an appendix of materials that would appear to be at least a portion of the state court file. (Doc. No. 3.)

## II.   DISCUSSION

This Court has an obligation to question its subject matter jurisdiction and may raise the issue *sua sponte*. E.g. Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (noting that federal courts "are obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction").

---

the Hennepin County District Court. On the present record, it is far from clear that Defendant–in the underlying state court action–had successfully filed counterclaims against OSI (the Plaintiff in the state court action) or successfully added the other parties as third-party defendants before attempting to remove to federal court. In fact, Defendant's claims against these individuals and entities arise from his dissatisfaction with the conduct of the state court proceedings by OSI against Defendant. (Doc. No. 1.) Thus, it appears that he is attempting to assert these counterclaims and claims against the purported third-party defendants only now as part of his attempted removal of the state court action, which did not include any such additional counterclaims or third-party claims.

### A. Defendant Bears The Burden Of Establishing Federal Jurisdiction Over The Plaintiff's Claims

Defendant bears the burden of proving that removal was proper and that valid federal subject matter jurisdiction exists. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993); Blaylock v. Hynes, 104 F. Supp. 2d 1184, 1186 (D. Minn. 2000). Statutes implicating removal jurisdiction must be strictly construed. Bauer v. Transition School Distr., City of St. Louis, 255 F.3d 478, 480 (8th Cir. 2001) ("Removal jurisdiction is . . . completely statutory, and [this court] cannot construe jurisdictional statutes any broader than their language will bear."); accord Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941) (stating that removal statute must be strictly construed due to federalism). Further, "[w]hen reviewing a motion to remand, a court must resolve all doubts about federal jurisdiction in favor of remand." Blaylock, 104 F. Supp. 2d at 1186; accord In re Business Men's Assurance Co. of America, 992 F.2d at 183 (all doubts must be construed in favor of remand).

### B. Basic Principles Of Federal Removal Jurisdiction

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A defendant may remove to federal court only those actions over which the federal courts would have had original jurisdiction. Id. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required.").

Whether federal question jurisdiction exists is determined from the face of the complaint:

> The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim: he or she may avoid federal jurisdiction by exclusive reliance on state law.

Caterpillar Inc., 482 U.S. at 393; accord Lyons v. Philip Morris Inc., 225 F.3d 909, 912 (8th Cir.

4

2000) (recognizing that because plaintiff is master of the complaint, courts honor a plaintiff's prerogative to plead only state law claims).

      C.      **Federal Jurisdiction Does Not Exist Over A Claim To Enforce A Settlement Agreement Even Where The Settlement Derives From A Prior Action In Federal Court**

Although this Court ordered Defendant to file a copy of all of the pleadings from state court, here the record does not include a copy of the Complaint filed in the Minnesota state-court proceedings. Nevertheless, this Court is bound to question its jurisdiction and the lack of the state-court Complaint cannot preclude that inquiry, particularly where Defendant failed to comply with this Court's Order to file that document. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [a federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.").

The other materials on file, however, disclose that Plaintiff asserted no claims against Defendant in state court upon which Defendant may remove on the basis of federal question jurisdiction.[2] Plaintiff brought suit in state court to recover for breach of the agreement

---

    [2] Defendant seems to premise his removal solely on federal question jurisdiction. With respect to diversity jurisdiction, the Court finds that Defendant has failed to carry his burden of clearly establishing federal jurisdiction based on Section 1332 (requiring complete diversity of citizenship and a matter in controversy in excess of $75,000). Plaintiff's claim against Defendant was for default on a debt of about $4,000.00–well below the jurisdictional threshold. (Doc. No. 3, at App. 16.) As discussed above, it is not clear that Defendant has properly filed his counterclaims and third-party claims as part of the state court action before attempting to remove to federal court. See supra note 1. But in any event, the amount in controversy with respect to Defendant's counterclaims and third-party claims is irrelevant to the diversity jurisdiction requirements. Al-Cast Mold & Pattern, Inc. v. Perception, Inc., 52 F. Supp. 2d 1081, 1083 (D. Minn. 1999) ("This Court agrees with those courts which hold that counterclaims do not satisfy the jurisdictional amount."); see Freeport-McMoran, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991) (noting "the well-established rule that diversity of citizenship is assessed at the time the action is filed").

Defendant made to repay his student loans. (See Doc. No. 3, at App. 16.) That agreement was reached as the settlement of Defendant's earlier suit in federal court based on the federal Fair Debt Collection Practices Act.

But as the United States Supreme Court has ruled, "[n]either [Rule 41] nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation [of dismissal]." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 378 (1994). The Court clarified that enforcement of a settlement agreement, "whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." Id.

In order for a claim of breach of a settlement agreement to come within a federal court's ancillary jurisdiction, the terms of the agreement must have "been made part of the order of dismissal–either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." Id. at 381.[3] Otherwise, there is no basis for federal jurisdiction because the action simply "involves a claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit. No federal statute makes that connection . . . the basis for federal-court jurisdiction over the contract dispute." Id. In sum, there is no discernible basis for federal question jurisdiction here.[4]

---

[3] Here, in the prior federal action, the district court's June 2, 2004, Order of Dismissal expressly retained jurisdiction, but only for 30 days. (No. 03-CV-6122, Doc. No. 31.) That period had long since expired when Defendant attempted to remove.

[4] Again, even assuming that Defendant's counterclaims and third-party claims were properly part of the state court action before Defendant's attempt at removal, federal questions asserted in counterclaims and third party claims do not satisfy the well-pleaded complaint rule and thus provide no basis for removal. The Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 830-31 (2002) (rejecting argument that "the well-pleaded complaint

**III.    CONCLUSION**

The action that Defendant has attempted to remove to federal court is based on a breach of contract claim that does not present any basis for federal question jurisdiction.  The fact that the contract at issue is a settlement agreement that resulted from the parties' resolution of a prior federal claim brought in federal court does not change the result here.

**IV.    RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein, IT IS HEREBY RECOMMENDED that:

1. This action be remanded to state court; and

2. Defendant's IFP application (Doc. No. 1) be DENIED as moot.


Dated:  September 28, 2007

        s/ Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by October 15, 2007, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.

---

rule . . . allows a counterclaim to serve as the basis for a district court's 'arising under' jurisdiction").